**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KELLY VAN,<br><br>            Plaintiff - Appellant,<br><br>  v.<br><br>JAMES CAMERON; TWENTIETH CENTURY FOX; DUNE ENTERTAINMENT, INC.; LIGHTSTORM ENTERTAINMENT, INC.; INGENIOUS FILM PARTNERS, LLC; INGENIOUS FILM PARTNERS 2; FUTURE SERVICE INC.,<br><br>            Defendants - Appellees. | No. 12-55416<br><br>D.C. No. 3:10-cv-01051-AJB-WVG<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted December 17, 2013[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Kelly Van appeals pro se from the district court's judgment dismissing her action alleging that defendants' movie *Avatar* infringed upon her copyrighted novel, *Sheila the Warrior: The Damned*. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010), and for an abuse of discretion the denial of a motion brought under Federal Rule of Civil Procedure 60(b), *Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010). We affirm.

The district court properly dismissed Van's copyright infringement claims because there was no substantial similarity between protected elements of her copyrighted novel and comparable elements of defendants' film as a matter of law, and any similarity in the general concepts of humans traveling to another planet or individuals flying is unprotected. *See Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624–25 (9th Cir. 2010) (setting forth extrinsic test to assess substantial similarity between specific expressive elements of copyrighted works at issue, such as plot, sequence of events, theme, dialogue, mood, setting, pace, and characters); *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006) (substantial similarity focuses on only concrete, protectable elements of works standing alone, not nonprotectable elements, such as generic concepts or ideas).

The district court did not abuse its discretion when it denied Van's motion for relief under Rule 60(b) because Van failed to establish any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cnty., Or., v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth grounds for reconsideration under Fed. R. Civ. P. 60(b)); *see also Lal*, 610 F.3d at 524 (to constitute extraordinary circumstances, attorney must engage in "neglect so gross that it is inexcusable" (quoting *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002)).

Defendants' motion to submit DVD copies of *Avatar*, filed on July 31, 2012, is granted.

Van's motion to accept evidence, filed on September 12, 2012, is granted.

Van's motion to accept her oversized reply brief, filed on September 12, 2012, is granted, and the Clerk is directed to file the reply brief submitted on September 12, 2012.

All other pending motions are denied.

**AFFIRMED.**